KIHEEM HARDEN,

        Plaintiff,

        v.                                Case No. 26-cv-0652-bhl

OZAUKEE COUNTY JAIL,
JANE DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Kiheem Harden, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Ozaukee County Jail. This matter comes before the Court on Harden's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Harden has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A review of his petition reveals that he lacks the resources to pre-pay the $405 civil case filing fee. Accordingly, Harden's motion for leave to proceed without prepaying the filing fee will be granted. Harden may pay the fee over time as he is able by sending payments to the clerk's office at the address at the end of this decision.

### SCREENING OF THE COMPLAINT

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. §1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which

relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Harden, an unidentified nurse at the Ozaukee County Jail prescribed anxiety medication even though he told her he did not want to take mental health medication.  Harden asserts that he only wanted to know what the medication would do.  He states that the nurse misdiagnosed his symptoms as anxiety and that the medication caused confusion and impaired his attention span and focus.

### THE COURT'S ANALYSIS

While not certain, it appears that Harden was a pretrial detainee while he was at the jail.  Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment.  *See Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).  To state a claim, a plaintiff must allege that he suffered from an objectively serious medical condition and that the defendant's response was objectively unreasonable.  *Williams*, 937 F.3d at 942.  Harden does not specify what symptoms he was suffering when he spoke to the nurse, so the Court cannot reasonably infer that he had an objectively serious medical issue.  Nor can the Court reasonably infer that the nurse's decision to prescribe anxiety medication was objectively

2

unreasonable. Harden asserts that she "misdiagnosed" his symptoms, but it has long been held that "[a] showing of negligence or even gross negligence" does not suffice to state a claim. *McCann v. Ogle Cnty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018). And, in any event, Harden does not allege that the nurse forcibly administered the medication, only that she prescribed it. It is not clear why Harden took the medication after clearly stating that he did not want mental health medication. Absent allegations that the nurse knew that Harden was not suffering from anxiety, that the medication was not medically indicated, and/or that the medication would adversely impact Harden, Harden fails to state a claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Harden believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **June 19, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Harden's failure to state a claim in his original complaint. If Harden does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Harden's motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 19, 2026**, Harden may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Harden a blank amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Harden must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Harden is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4